## Nicer v. Davis, Sheriff

*M. L. Davis*, for plaintiff;  *Craig & Blass*, for intervenor.

ROSSITER, P. J., April 22, 1931.—This is a petition for a writ of mandamus, directing the sheriff, Millard L. Davis, to accept payment of costs on the sale of real estate, together with the receipt of petitioner for the proceeds of the sale thereof and make return as provided by act of assembly.

The petitioner avers that certain real estate belonging to Stanley Dobkowski was levied upon by the sheriff and sold to the petitioner for the price or sum of $4435; that the petitioner, Michael Nicer, offered to pay the sheriff a sum sufficient to cover all legal costs, and has produced evidence that he is a lien creditor entitled to receive the proceeds of sale and has offered his receipt to the sheriff and requested him to make return of the sale to the court, stating that fact; that the sheriff has refused to accept the receipt of the petitioner and make the special return as requested; that petitioner has a bona fide judgment against the said Stanley Dobkowski and Joseph Mikucki in an action of

trespass in the amount of $4909.89; that there are six judgments appearing of record prior to the judgment of the petitioner. The petitioner avers that these judgments are not entitled to participate in the distribution of the proceeds of the sale; that the first judgment is paid but not satisfied; that there is no liability of the defendant, Stanley Dobkowski, on the second judgment nor on the third; that the fourth judgment in favor of Joseph Mikucki has been attached on an attachment execution issued on the judgment recovered by plaintiff against the said Stanley Dobkowski and Joseph Mikucki; that the fifth judgment is merged and has been paid; that the sixth judgment is merged and has been paid, and that there is no liability on the sixth judgment.

Therefore, he prays the court to issue a writ of mandamus to the sheriff, commanding him to accept the payment of the costs on said sale, together with the receipt of the petitioner for the proceeds and make return thereof to the court as provided by the act of assembly.

On March 16, 1931, leave was given to Julia Dobkowski to intervene as a party to the above action, and on the same day Julia Dobkowski filed a return to the alternative writ of mandamus, in which she avers that, according to the certified list of liens attached to the said petition for an alternative writ of mandamus, Michael Nicer is not entitled, as a lien creditor, to receive the whole or any portion of the proceeds of the said sale; that according to the certified list of liens, the judgment of Joseph Suchy, now owned by the intervenor, the judgment of Walter Oleski, now owned by the intervenor, the judgment of Joseph Mikucki, the judgment of John and Michaelina Winiecki and the judgment of Dominick Potocki have priority of lien and are entitled to payment before any part of the proceeds are applicable to the judgment of Michael Nicer. The intervenor further avers that the judgments stand unimpeached on the record and no proceedings have been brought to seek to open them; that the sheriff is bound by the record as shown by the certified list of liens, and that they cannot be attacked in a collateral manner; that, therefore, the sheriff is without warrant or authority of law to make a special return under the Act of April 20, 1846, P. L. 411, and that the purchaser, Michael Nicer, must pay the amount of his bid to the sheriff and the distribution of the proceeds of said sale be made in accordance with the certified list of liens.

To this return to the alternative writ of mandamus Michael Nicer demurs and says that the reasons set forth therein are not sufficient in law to preclude the plaintiff from having the writ of peremptory mandamus commanding the sheriff to accept payment of the costs on the sale of real estate set forth in plaintiff's petition, together with a receipt of plaintiff for the proceeds of said sale, and to make return to the court as provided by the act of assembly.

It will be noticed in the return to the alternative writ of mandamus that the intervenor does not set forth that any of the judgments are bona fide and valid and subsisting liens; she simply says that, according to the certified list of liens, they are entitled to priority, hence this issue resolves itself into the simple question of whether or not the validity of the liens as shown by the certified list of liens may be tested under the Act of 1846, or whether, under the circumstances, the plaintiff, Michael Nicer, will be compelled to pay the purchase price into court if he can raise the money and there await a contest over the distribution.

The plaintiff avers in his petition that it would be a very great hardship for him to raise this money and pay it into court and await that disposition.

The Act of 1846 provides in its title that it is "relative to lien creditors becoming purchasers at judicial sales, and for other purposes," and in substance provides that whenever a purchaser of real estate at sheriff's sale shall

appear from the proper record to be entitled as a lien creditor to receive the whole or any part of the proceeds of the sale, it shall be the duty of the sheriff to receive the receipt of such purchaser for the amount which he would appear from the record to be entitled to receive, provided that before any purchaser shall receive the benefit of this section he shall produce to the sheriff a duly certified statement from the proper records, under the hand and seal of the proper officer, showing that he is a lien creditor entitled to receive any part of the proceeds of the sale as aforesaid. Section 2 provides that it shall be the duty of the sheriff, when he shall receive the receipt of the purchaser, to state that fact in the return of the proceedings of said sale and attach thereto a list of liens upon the property sold, which said return shall be read in open court on some day during the term to be fixed by order of court; and if the right of such purchaser to the money mentioned in said return shall be questioned or disputed by any person interested, the court shall thereupon appoint an auditor, who, after due notice given to the persons interested, shall make a report distributing the proceeds of such sale, or the court may direct an issue to determine the validity of said lien, and all further proceedings shall be stayed; and in case it shall be determined that the purchaser was not entitled to receive the money, it shall be the duty of the court to set aside the sale and direct the real estate to be resold unless the money is paid to the sheriff, or other person making the sale, within ten days thereafter.

It doubtless will be admitted that this is a remedial statute and, hence, should be liberally and beneficially expounded. What, then, is the remedy sought? Clearly, to permit a lien creditor who is entitled to money made at a sale to receipt when he has purchased the property instead of paying the money into court and taking it out again, as it may be, as here alleged, that his entire financial resources are tied up in his judgment, and to compel him to raise this additional fund would render him helpless to protect his claim; and the manner of putting that remedy into effect is set forth in section 2.

Here the plaintiff avers that he has a valid judgment which is not questioned; that he has purchased real estate and is entitled, upon payment of costs, to receipt for his judgment, for the reason that all prior judgments, as they appear of record, are not valid liens against the real estate, for the reason that they have been paid and satisfied, and, therefore, the certified list of liens is not of a proper record.

In answer to this, the intervenor does not contend that these judgments have not been paid and satisfied, as plaintiff avers, but depends wholly upon what the certified list of liens shows.

Clearly, a liberal and beneficial expounding of this remedial statute would permit the court to ascertain as a fact whether or not the prior judgments are in force, or whether or not they have been satisfied and should be stricken from the record, so far at least as the plaintiff is concerned. The duty of the court, therefore, is plain: and that is, to direct the sheriff to accept the receipt of the plaintiff upon payment of the costs, to state that fact in the return of the proceedings of sale and attach thereto a list of liens upon the property sold, and, if then the right of the purchaser to the money mentioned in said return shall be questioned or disputed, to appoint an auditor to make a report according to that act of assembly.

And now, to wit, April 22, 1931, it is directed that a peremptory mandamus issue to the sheriff, directing him to accept the receipt of the plaintiff upon payment of the costs, to state that fact in the return of the proceedings of sale and attach thereto a list of liens upon which the property was sold.